JASON PERSON,

    *Plaintiff*,

v.        Case No. 1:05-cv-150

PROGRESSIVE LOGISTICS    Judge Mattice
SERVICES LLC, *et al.*,

    *Defendants*.

## **MEMORANDUM**

Plaintiff Jason Person brings this action against Progressive Logistics Services LLC, alleging racial discrimination in violation of 42 U.S.C. § 1981 and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 to -905; retaliation in violation of the THRA, Tenn. Code Ann. § 4-21-301; unfair and deceptive trade practices in violation of Tenn. Code Ann. § 47-18-104; and interference with contractual relations in violation of Tenn. Code Ann. § 47-50-109 and Tennessee common law. Person also brings this action against Peyton's Southeastern, Inc. and Kroger Limited Partnership I d/b/a Peyton's Southeastern, alleging racial discrimination in violation of 42 U.S.C. § 1981 and interference with contractual relations in violation of Tenn. Code Ann. § 47-50-109 and Tennessee common law.[1]

---

[1] In the motions at issue, the defendants seek dismissal of the causes of action asserted in plaintiff's original complaint, which was subsequently amended twice to add several new causes of action. In this order and memorandum, the Court will address only those causes of action that have been briefed by the parties. Should the defendants wish to seek dismissal of the new causes of action asserted in the First Amended Complaint and the Amendment to First Amended Complaint, they must file new motions discussing those causes of action.

Before the Court are (1) a motion to dismiss or, in the alternative, for summary judgment by Kroger Limited Partnership I and (2) a motion for judgment on the pleadings or, in the alternative, for summary judgment by Progressive Logistics Services LLC.[2]

For the reasons stated below, Kroger Limited Partnership I's motion to dismiss or, in the alternative, for summary judgment will be **DENIED**, and Progressive Logistics Services LLC's motion for judgment on the pleadings or, in the alternative, for summary judgment will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim of retaliation under the THRA against Progressive Logistics Services LLC, as stated in the First Amended Complaint, will be **DISMISSED WITH PREJUDICE**.

**I.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court

---

[2] The Court has not treated either of these motions as a motion for summary judgment. Accordingly, the Court will not consider plaintiff's request to enter a partial summary judgment in his favor.

must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

The standard of review applicable to a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as the standard of review applicable under Rule 12(b)(6). *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

## II. FACTS

Viewing the complaint in the light most favorable to plaintiff and accepting as true all well-pleaded factual allegations, the relevant facts are as follows.

Until November 2004, plaintiff, an African-American man, was employed by Progressive Logistics Services LLC ("PLS") as a freight lumper and as a supervisor of other freight lumpers. (Court Doc. No. 46, First Am. Compl. ¶ 4.)[3] Plaintiff had a satisfactory work record during the time he was employed with PLS. (*Id.*) In November 2004, plaintiff was fired by PLS. (*Id.*) Plaintiff asserts that he was terminated solely because of his race and that PLS's reasons for terminating him were wholly pretextual. (*Id.*) After his termination, PLS assigned plaintiff's former job duties to Caucasian employees. (*Id.* ¶ 5.) PLS does not currently employ any African-American employees in supervisory positions such as the one held by plaintiff prior to his termination. (*Id.*) Plaintiff asserts that PLS has a pattern, practice, or policy of discriminating against its employees based on race. (*Id.*)

After plaintiff was terminated by PLS, he approached Kroger Limited Partnership I ("KLPI")[4]

---

[3] Although the defendants' motions were drafted without the benefit of plaintiff's amended complaints, the Court will rely on the factual allegations in the most current version of the complaint to determine whether plaintiff has adequately plead the various causes of action.

[4] Plaintiff refers to KPLI as "Peyton's" in the complaint. The Court uses the party's official name in this order and memorandum.

to seek continued work as an independent lumper for freight carriers. (*Id.* ¶ 9.) KLPI informed plaintiff that he could come into its premises as an independent lumper but that he was required to use the rear rather than front entrance, to ride onto the premises with freight carriers rather than waiting for them on the premises, and to vacate the premises immediately after completing his work. (*Id.* ¶ 10.) Thereafter, plaintiff was hired by a freight carrier and attempted to enter KLPI's facility to perform work. (*Id.* ¶ 11.) When plaintiff arrived at the facility, he was told that he must vacate the premises and would not be permitted to serve as an independent freight lumper. (*Id.*) Plaintiff alleges that KLPI previously allowed and continues to allow a Caucasian independent lumper access to the facility and that the Caucasian lumper is permitted to access the building through the front entrance and is allowed to remain on the premises before and after his work is completed. (*Id.* ¶ 12.)

### III. ANALYSIS

#### A. Motion to Dismiss by Kroger Limited Partnership I

KLPI requests dismissal of plaintiff's claim under 42 U.S.C. § 1981 because plaintiff does not allege the existence of a contract between KLPI and plaintiff.

42 U.S.C. § 1981(a) provides as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"[M]ake and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The rights protected by § 1981 are protected against violation by nongovernmental and governmental discrimination. 42 U.S.C. § 1981(c).

To survive a motion to dismiss for failure to state a claim under § 1981, plaintiff must

-4-

sufficiently allege in his complaint that, in the context of plaintiff's contractual relationship with defendant, (1) plaintiff is a member of a protected class, (2) plaintiff suffered an adverse action at the hands of defendant, (3) plaintiff was qualified to continue in the contractual relationship, and (4) plaintiff was treated differently from others who were similarly situated but who were not members of the protected class. *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582-83 (6th Cir. 1992). Plaintiff must also allege that the discrimination by the defendant was intentional. *Bell*, 351 F.3d at 253.

With regard to the existence of a contractual relationship with defendant KLPI, plaintiff alleges in his complaint that he "approached Defendant . . . to continue work as an independent lumper for freight carriers who desired his services" and that "Defendant . . . informed the Plaintiff that he could come upon [its] premises as an independent lumper . . . ." (First Am. Compl. ¶¶ 9-10.) While these allegations do not conclusively establish the existence of a contractual relationship, they do suggest, if accepted as true, some type of agreement between plaintiff and KLPI, and plaintiff is entitled to offer evidence to support his claim.

Plaintiff also sufficiently alleges the other elements of a *prima facie* case under § 1981. First, plaintiff alleges that he is a member of a protected class – namely, that he is African-American. (*Id.* ¶¶ 4-7.) Second, plaintiff alleges that he suffered an adverse action at the hands of defendant when KLPI rescinded its permission for plaintiff to serve as an independent freight lumper. (*Id.* ¶ 11). Third, plaintiff alleges that he was qualified to continue in the alleged contractual relationship. (*Id.* ¶¶ 11-13.) Fourth, plaintiff alleges he was treated differently from Caucasian persons who also sought to be independent freight lumpers. (*Id.* ¶¶ 12-13.) Finally, plaintiff sufficiently alleges that the discrimination by KLPI was intentional. (*Id.* ¶ 14.)

Thus, plaintiff has sufficiently alleged a *prima facie* case of race discrimination under 42 U.S.C. § 1981. Accordingly, defendant KLPI's motion to dismiss will be **DENIED**.

    **B.**    **Motion for Judgment on the Pleadings by Progressive Logistics Services LLC**

PLS requests the Court enter a judgment on the pleadings with regard to plaintiff's claims under 42 U.S.C. § 1981 and the THRA.

### 1. Section 1981

PLS asserts that plaintiff cannot maintain his § 1981 claim because discriminatory discharge claims involving at-will employees are not actionable under § 1981.

As explained above, to sustain a claim under § 1981, plaintiff must prove that a contract existed between the plaintiff and the defendant. PLS claims that, because at-will employment is not governed by a contract, an at-will employee such as plaintiff cannot prove the existence of a contract necessary to recover under § 1981.

Although the Sixth Circuit has not yet addressed this particular question, other Courts of Appeals have concluded that an at-will employment relationship is contractual and may serve as the contract necessary for § 1981 claims. *Walker v. Abbott Labs.*, 340 F.3d 471, 475-77 (7th Cir. 2003); *Skinner v. Maritz, Inc.*, 253 F.3d 337, 340, 342 (8th Cir. 2001) ; *Lauture v. Int'l Bus. Machines Corp.*, 216 F.3d 258, 261-63 (2d Cir. 2000); *Perry v. Woodward*, 199 F.3d 1126, 1133 (10th Cir. 1999); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1049-50 (5th Cir. 1998). A majority of these courts expressed their disbelief that Congress would have excluded from § 1981's protections the large population of at-will employees. *Walker*, 340 F.3d at 477; *Skinner*, 253 F.3d at 340 n.1; *Lauture*, 216 F.3d at 264; *Spriggs*, 165 F.3d at 1019; *Fadeyi*, 160 F.3d at 1052. The Court finds convincing the reasoning contained in these opinions and concludes that an at-will employment relationship is a sufficient "contract" under § 1981. *Accord Blount v. D. Canale Beverages, Inc.*, No. 02-2813-V, 2003 WL 22890339, at *5 (W.D. Tenn. July 23, 2003); *Henry v. Trammell Crow SE, Inc.*, 34 F. Supp. 2d 629, 634-35 (W.D. Tenn. 1998). *But see Walker v. Bluff City Buick Co.*, No. 98-2009-M1/A, 1998 WL 957333, at *5-7 (W.D. Tenn. Dec. 13, 1998).

Because an at-will employment relationship is a contract under § 1981, an at-will employee

may sue under § 1981 for discriminatory discharge. Accordingly, PLS's motion for judgment on the pleadings with respect to plaintiff's § 1981 claim will be **DENIED**.

### 2. Tennessee Human Rights Act

PLS asserts that plaintiff cannot maintain a claim under the THRA because plaintiff does not state a cause of action for discriminatory discharge or retaliation.

#### a. Discriminatory Discharge

The *prima facie* case required for a discriminatory discharge claim under the THRA is identical to the *prima facie* case required for a claim under Title VII. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996); *see also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 993 (6th Cir. 1999). Under Title VII, and therefore under the THRA, a plaintiff asserting a claim of discriminatory discharge must allege that (1) he is a member of a protected class, (2) he was qualified for his job and performed satisfactorily, (3) he suffered an adverse employment action, and (4) he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572-73 (6th Cir. 2000).

In this instance, plaintiff sufficiently alleges all elements of the *prima facie* case of discriminatory discharge under the THRA. First, plaintiff alleges that he is a member of a protected class – namely, that he is African-American. (First Am. Compl. ¶¶ 4-7.) Second, plaintiff alleges that he was qualified for his job and performed satisfactorily. (*Id.* ¶ 4.) Third, plaintiff alleges that he was terminated from his job. (*Id.*) Fourth, plaintiff sufficiently alleges that he was replaced by a person outside his protected class by stating that there are not currently any African-Americans in supervisory positions with PLS and that his job duties were assigned to Caucasian persons. (*Id.* ¶ 5.)

Because plaintiff has sufficiently alleged a *prima facie* case of race discrimination under the THRA, defendant PLS's motion for judgment on the pleadings with respect to plaintiff's THRA claim

of discriminatory discharge will be **DENIED**.

### b. Retaliation

As with discriminatory discharge, the *prima facie* case required for a retaliation claim under the THRA is identical to the *prima facie* case required for a claim under Title VII. *Miller v. City of Murfreesboro*, 122 S.W.3d 766, 775 (Tenn. Ct. App. 2003). Under Title VII, and therefore under the THRA, a plaintiff asserting a claim of retaliation must allege that (1) plaintiff engaged in a protected activity, (2) the exercise of the protected right was known to the employer, (3) plaintiff suffered an adverse employment action, and (4) there is a casual connection between the protected activity and the adverse employment action. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 (6th Cir. 2001).

To the extent that plaintiff attempted to allege a claim of retaliatory discharge in his First Amended Complaint (which primarily restates the relevant allegations from the original complaint), plaintiff does not state a *prima facie* case.[5] While plaintiff does allege an adverse employment action – his termination in November 2004 (First Am. Compl. ¶ 4) – he fails to allege that he engaged in protected activity prior to his termination or that there was a causal connection between his engagement in protected activity and his termination.

Because plaintiff has not sufficiently alleged a *prima facie* case of retaliation, PLS's motion for judgment on the pleadings will be **GRANTED** with respect to any claim of retaliation under the THRA plaintiff may have alleged in his First Amended Complaint, and such claim of retaliation will be **DISMISSED WITH PREJUDICE**.

---

[5] Plaintiff clearly asserts a cause of action for retaliation under the THRA in his Amendment to First Amended Complaint [Court Doc. No. 76]. As explained above, *supra* note 1, this new cause of action is not at issue in this order and memorandum, and the Court does not express an opinion regarding the sufficiency of plaintiff's allegations related to that cause of action. Rather, at issue in this order and memorandum is the retaliation claim that plaintiff may or may not have intended to assert through his citation to Tenn. Code Ann. § 4-21-301 in paragraph 6 of both his original and amended complaints.

## IV. CONCLUSION

Defendant KLPI's motion to dismiss will be **DENIED**. Defendant PLS's motion for judgment on the pleadings will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claim of retaliation under the THRA against PLS, as stated in the First Amended Complaint, will be **DISMISSED WITH PREJUDICE**.

A separate order will enter.

SO ORDERED this 3rd day of March, 2006.

                                              *s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE